Mr. Justice BRADLEY
delivered the opinion of the court.
We think that the Court of Claims erred in its finding and judgment in this case. The government clearly had the right to prescribe regulations for the inspection of horses, and there was great need of strictness in this regard, for frauds were constantly perpetrated. We see nothing unreasonable in the regulations complained of. It is well known that horses may be prepared and fixed up to appear bright and smart for a few hours, and it was altogether reasonable that they should be placed in the government yard for the period required, and that no person interested in them should be permitted to manipulate them whilst under inspection. The branding was also a proper and necessary precaution to prevent the same horses being presented a second time after condemnation. The branding on the foot was of slight importance, and the brand on the shoulder was not to be applied except in eases of absolute fraud. A person guilty of fraud would have no fight to complain of the regulation being carried into effect.
As the government had the right to prescribe all proper and reasonable regulations on the subject, and as the regulations prescribed do not seem to have been unreasonable, the claimant cannot complain. If he chose, under these circumstances, to fling up his contract, he must be content to suffer any incidental damage which he may have incurred *29 in making preparations for its performance. It was a damage voluntarily sustained, and the- maxim, volenti non jit injuria, applies to the case.
Decree reversed, and the court below directed to
Dismiss the petition.